It was objected that the implication quia fuit ad grave damnum is not a sufficient implication that the plaintiff was tenant at the time; and that the declaration shall not be made good by implication. Com., 202, 206. In waste, he declared on the grant of a reversion, and it did not appear whether it was before or after the waste; held bad — although it concluded ad exhaeredationem, which strongly implies that it was before the waste. The declaration, as was said in Stradding's case, ought to contain truth and certainty. So ought to a scire facias, which is in the lieu of it. And here, if it was not his land at the time the executor was sued, although it be tortiously charged, he shall hold it as the feoffor did. 15 E., 4, 24. Feoffee shall not have forgery in the time of his feoffor.Penruddock's case, 5 Rep., F. N. B., 149. Feoffee shall not have admeasurement of dower, but shall take the land in the same plight, as the feoffor did.
If the plaintiff was not tenant at the time this executor was sued, he cannot have this action; for he shall hold the land as the *Page 817 
feoffor did. It is said to have been adjudged that if an inquisition be found of my lands, my feoffee shall not avoid it, but if the feoffment be after extent, but before a liberate sued, the feoffee shall avoid it: For he is the party grieved thereby. If after the liberate the feoffment be made of part to the one and part to the other, the one shall not have contribution against the other. If a purchaser has cause of action, and makes a feoffment, his feoffor shall not have it.
Judgment was given for the plaintiff. Antea, pp. 632 and 709; 3 Bulstr., 305; Bendl., 161; Jones, 82, 92.